**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS ARCURI,** | ) | |
| | ) | **Case No. 1:09-CV-00830** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Judge Ann Aldrich** |
| | ) | |
| **KEITH SMITH,** | ) | **Magistrate Judge McHargh** |
| **Warden,** | ) | |
| **Respondent.** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| | ) | |

On March 25, 2009 Nicholas Arcuri, *pro se*, filed a petition for a writ of habeas corpus under

28 § U.S.C. 2254 [dkt. 1].  The case was referred to Magistrate Judge McHargh for a report and

recommendation ("R&R"), which was issued on December 11, 2009 [dkt. 11].  Magistrate Judge

McHargh concluded that the government's motion to dismiss [dkt. 7] should be granted on the basis of

untimeliness [dkt. 11, at 11].  On January 19, 2010, Arcuri filed his objections to the R&R [dkt. 13].

## I.  FACTS

The relevant facts for evaluating the timeliness of Arcuri's petition is provided in the R&R:

> On Jan. 20, 2004, Arcuri entered a plea of guilty to a charge of attempted
> felonious assault in Case No. CR-437661. (Doc. 7, RX 3.) That same
> day, he also entered a plea of guilty to charges of felonious assault, with
> a peace officer specification, and attempted aggravated burglary in Case
> No. CR-440904. (Doc. 7, RX 4.)
> 	Arcuri was subsequently sentenced to a prison term of three years
> in the 437661 case. (Doc. 7, RX 5.) He was also sentenced to a prison
> term of nine years on the felonious assault conviction in the 440904 case,
> to run consecutive to the sentence in the 437661 conviction, and three
> years on the attempted aggravated burglary conviction, to run concurrent
> with the accompanying sentence. (Doc. 7, RX 6 .)
> 	On April 2, 2004, Arcuri filed a timely Notice of Appeal in the
> 440904 case. (Doc. 7, RX 7.) He also filed a Motion for Appointment of
> Counsel, and a Motion for Transcript of Proceedings. (Doc. 7, RX 8-9.)
> The trial court denied his motions for appointment of counsel, and for a
> transcript. (Doc. 7, RX 10.) The appeal was dismissed on April 29 for
> failure to file the record. (Doc. 7, RX 11.)

On June 13, 2007, Arcuri filed a motion to reinstate the appeal, for appointment of counsel, and transcript at the state's expense. (Doc. 7, RX 12.) Arcuri stated that he did not wish to appeal his convictions, but rather his sentencing. *Id.* at 12. The motion was denied on June 19, 2007. (Doc. 7, RX 13.)

On Feb. 11, 2008, Arcuri filed an application for delayed reopening of direct appeal, pursuant to Ohio App.R. 26(B). (Doc. 7, RX 14.) His application was denied on Mar. 12, 2008. (Doc. 7, RX 15.) Arcuri filed for a motion for reconsideration (RX 16 ), which was likewise denied (RX 17).

On April 28, 2008, Arcuri filed an appeal with the Supreme Court of Ohio. (Doc. 7, RX 18-19.) The court dismissed the appeal as not involving any substantial constitutional question. (Doc. 7, RX 20.) Arcuri filed his petition for a writ of habeas corpus on March 25, 2009. (Doc. 1 , at 13.)

[dkt. 11,R&R at 2-3].

Arcuri asserts in his objection to the R&R that he did not know he "had a constitutional right to appeal" until "on or about February 6, 2008, when I was reading case law that stated an appeal is a matter of Constitutional Right". [dkt. 13, at 3; 13-1].  However, this assertion does not change or challenge the conclusion of the R&R.

## II.    LAW & ANALYSIS

When reviewing a report and recommendation, the judge must determine *de novo* any proposed finding or recommendation to which objections are made.

Here, Arcuri claims he was never instructed by the state court of his right to appeal, and that he did not learn of this right until on or about February 6, 2008 - more than four years after his guilty plea was entered in state court.  Yet, Arcuri has not made any showing of extraordinary circumstances that would have prevented him from learning of this right.  Similarly, he has failed to present any evidence that he diligently pursued his right.  *See Brandy v. Smith*, 2010 WL 300704 (N.D. Ohio, January 19, 2010) (discussing identical claims).  The record further indicates - and the R&R discusses - that Arcuri filed a *pro se* direct appeal on April 2, 2004.  Thus, he had some knowledge of his right to appeal.

## III.    CONCLUSION

Accordingly, the court adopts in its entirety the well reasoned report and recommendation and denies Arcuri's objection.

Finally, for the reasons stated above and in the report and recommendation, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____/s/ Ann Aldrich_____
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 19, 2009**